UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| CALVIN L. REDD | CIVIL ACTION NO. 08-1513 |
| LDOC #317023 | |
| VS. | SECTION P |
| WARDEN, WINN CORRECTIONS CENTER | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

### REQUEST FOR DOCUMENTS

*Pro se* petitioner Calvin L. Redd, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on October 9, 2008. Petitioner is currently incarcerated at the Winn Corrections Center, Winnfield, Louisiana. Petitioner attacks his June 15, 2004 conviction for carnal knowledge of a juvenile and the 10-year sentence imposed by Louisiana's Third Judicial District Court, Lincoln Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

*Statement of the Case*

*1. Procedural History*

Petitioner filed a hand-written pleading that did not comply with LR 3.2W in that it was not submitted on the form required for *pro se* prisoner pleadings filed in this District. Petitioner argued that the sentence imposed by the Third Judicial District Court on June 15, 2004 violated the terms of a plea agreement when, in addition to the 10 year sentence agreed upon, she imposed a fine and costs. He argued that his trial counsel rendered ineffective assistance by allowing the

trial judge to impose a sentence beyond the terms of the plea agreement. He conceded that the Second Circuit Court of Appeals vacated this sentence and ordered re-sentencing in compliance with the original plea agreement, but he claimed that the District Court erred when it amended the sentence to delete the fine and costs in petitioner's absence. [see rec. doc. 1]

Petitioner was supplied a copy of the appropriate form and was directed to amend his petition and to provide additional exhibits. [rec. docs. 2 and 5] On December 29, 2008 petitioner filed an amended petition on the appropriate form and included some, but not all of the exhibits requested. [rec. doc. 6]. Again, he alleged as grounds for relief: (1) the sentence exceeded the plea agreement; (2) counsel allowed the judge to impose the sentence; and, (3) Court of Appeals and Louisiana Supreme Court did not recognize the error and rescind the plea. [rec. doc. 6, ¶5] He provided copies of *pro se* pleadings filed in the District Court and the Court of Appeals in which he argued again that his 10 year sentence is illegal "... because the trial court sentenced him to additional punishment that was not part of the guilty plea..." [rec. doc. 6, p. 25] He argued that the imposition of fine and costs and jail time in default of payment of fine and costs was not part of the agreed upon sentence and thus his current sentence is illegal. [*Id.*] Petitioner also provided a letter to the Court in which he claimed that the Second Circuit Court of Appeals "confiscated" his plea and sentencing transcript and violated his constitutional rights by amending the sentence without ordering the Third District Court to convene a hearing. [rec. doc. 6, pp. 33-34]

On January 22, 2009 the undersigned again directed petitioner to amend his petition to provide –

1. A copy of the plea agreement, or, to the extent that petitioner is unable to

provide a copy, petitioner should state with particularity the terms and conditions of the plea agreement he entered into prior to the date he entered his guilty plea;

2. A copy of ALL post-conviction or post-sentencing motions or pleadings filed by or on behalf of petitioner in the Third Judicial District Court, the Second Circuit Court of Appeals, or the Louisiana Supreme Court;

3. Copies of ALL judgments from the Third Judicial District Court and the Second Circuit Court of Appeals relative to post-conviction or post-sentencing motions;

4. In the event that petitioner is unable to provide these documents, he should provide a detailed chronology providing the following information:

> a. The title and nature of any post-conviction pleadings filed in the courts of the State of Louisiana, including a brief description of the relief sought through said pleading;
> b. The dates these pleadings were filed;
> c. The date judgment was rendered on each pleading and a specific statement detailing the nature of the judgment;

5. Petitioner should provide additional arguments on his claims for relief to establish that he is in custody in violation of the Constitution and laws of the United States. Petitioner should specifically show how he was prejudiced by the acts of his attorney, the trial court, and the courts of appeal. [rec. doc. 7]

On February 10, 2009 petitioner responded by providing additional exhibits [rec. doc. 8] Therein petitioner alleged that he was unable to provide any of the documents requested; however, he did not provide the detailed chronology as requested. He did provide documents and exhibits which appear to be copies of hand-written pro se pleadings filed in a series of lawsuits filed in the Third Judicial District Court or the Second Circuit Court of Appeals. [rec. doc. 8[1]]

---

[1] These documents include: (1) "Interrogatories and Request for Production of Documents Propounded to Plaintiff Calvin Lee Redd..." [rec. doc. 8, pp. 2-11]; (2) "Petition for Damages" in which he asserts a claim for damages against Third Judicial District Court Judge Cynthia Woodard, Lincoln Parish, and the City of Ruston based on the breached plea agreement and re-sentencing complained of herein. [*Id.*, pp. 12-21] (3) "Answer, Peremptory Exception of Prescription, Memorandum in Support of Peremptory Exception of Prescription, Peremptory Exception of No Cause of Action; Memorandum in Support of Peremptory Exception of No Cause of Action and Amend Original Petition." These pleadings were received and filed by the Third Judicial District Court Clerk on May 3,

On the same date petitioner filed a pleading entitled "Motion for Writ of Mandamus and/or Motion to Correct Illegal Sentence." In that pleading petitioner asserted that the sentence he is currently serving is illegal and excessive. [rec. doc. 9] In a pleading associated with the Motion petitioner alleged that he is unable to produce the documents requested because various courts "possess" them and refuse to return them to the petitioner. In an apparent response to the previous memorandum order [rec. doc. 7] which directed him to "... provide additional arguments on his claims for relief to establish that he is in custody in violation of the Constitution and laws of the United States ... [and to] specifically show how he was prejudiced by the acts of his attorney, the trial court, and the courts of appeal..." petitioner alleged, that it was "obvious" that his Constitutional rights were violated and that he suffered prejudice as follows (1) because courts will not release documents to him to allow him to litigate his case; (2) his constitutional rights were violated when neither he nor his attorney were present for the July

---

2007. Therein petitioner asserted that neither he nor his attorney were present in court on July 19, 2005 when Judge Woodard amended his sentence; he also claimed that he was unaware of the amendment of sentence until March 2, 2007. [*Id*., pp. 22-27] The pleading was denied by a District Court Judge on October 25, 2007; the judge noted, "objection to criminal proceeding must be filed in that record..." [*Id*., p. 26] (4) Order "Habeas Corpus Ad Testificandum" which was denied on October 25, 2007 for the reasons assigned in the previous order [*Id*., pp. 28-30]; (5) "Amend Original Petition" dated April 25, 2007 which seeks habeas relief based on the allegedly illegal re-sentencing complained of in the earlier pleading [*Id*., pp. 31-35]; (6) a Peremptory Exception of Prescription filed by the Lincoln Parish Police Jury [*Id*., pp. 36-41]; (7) petitioner's "Objection to Defendants Motion to Recognize and Enforce Automatic Stay Pursuant to La. R.S. 15:1186" [*Id*., pp. 42-46]; (8) Order denying application for writ of habeas corpus ad testificandum dated October 25, 2007 in which the trial judge noted, "Suit has been dismissed to all defendants..." [*Id*., pp. 47-48]; (9) Another copy of the "Petition for Damages"[*Id*., pp. 49-61]; (10) "Objection to Premptory (sic) Exception of Prescription" [*Id*., pp. 62-70]; (11) Motion for Leave to Proceed in forma pauperis filed in the Third Judicial District Court [*Id*., pp. 71-73]; (12) the "Petition for Damages" naming attorney Lewis A. Jones, Lincoln Parish and Ruston as defendants, and showing a receipt and file mark of January 22, 2007, along with Interrogatories and Request for Production [*Id*., pp. 74-92]; (13) a pro se petition for writ of habeas corpus/motion to correct illegal sentence which appears to have been directed to the Second Circuit Court of Appeals; in this pleading petitioner complained again of the breach of the plea agreement; petitioner also alleged that when the breach was presented to the Second Circuit, that court "... fail to ... vacate the entire sentence..." ; he also complained that the sentence was excessive [*Id*., pp. 93-100]; (14) another Petition for Damages and associated pleadings naming Judge Woodard et al, as defendants and requesting that Judge Woodard be recused [*Id*., pp. 101-117]; (15) Notice of Intent to seek Appeal on Judgment on Peremptory Exception of Prescription [*Id*., pp. 118-121]

4

15, 2005 re-sentencing; and, (3) his attorney neglected to object to the imposition of the original unlawful sentence. [rec. doc. 9-2, p. 3] Petitioner prayed that the court grant his motion and release him immediately or reduce the sentence by 3 years. [*Id*.]

## *2. Background*

Petitioner claims that he is unable to provide the information and/or documents that have been requested. Nevertheless, based on what has been provided, the undersigned assumes the following chronology of events:

1. Sometime prior to March 9, 2004 petitioner was charged with forcible rape. [rec. doc. 1, p. 9 10 – Court Minutes, Third Judicial District Court]

2. On June 15, 2004 petitioner entered a guilty plea to an amended bill of information charging carnal knowledge of a juvenile. [*Id*., p. 10 – Court Minutes, Third Judicial District Court]

3. On June 28, 2004 petitioner was sentenced to serve 10 years at hard labor and to pay a fine of $750 and costs of court, or in default, to serve an additional 6 months in the parish jail. [*Id*. – Court Minutes, Third Judicial District Court]

4. On some unspecified date petitioner filed a motion to correct the sentence; he apparently argued that the judgment, insofar as it imposed a fine and jail time in default, had not been part of the original plea and sentence agreement. It is unclear from the pleadings and exhibits, but it appears that petitioner filed this pleading in the Third Judicial District Court and then subsequently sought review and enforcement of the plea agreement in Louisiana's Second Circuit Court of Appeals. On some date prior to July 19, 2005 the Second Circuit Court of Appeals ruled in petitioner's favor and ordered the Third Judicial District Court to amend the

sentence to delete the imposition of the fine and default jail time. On July 19, 2005, the Third Judicial District Court complied with the order of the Second Circuit and amended the sentence deleting the fine and default jail time. [*Id*. – Court Minutes, Third Judicial District Court]

5. On February 28, 2008 petitioner filed a "Petition for Writ of Habeas Corpus and/or Motion to Correct an Illegal Sentence" in the Third Judicial District Court. In this pleading, petitioner complained that the trial judge imposed an illegal and excessive sentence and did not comply with the plea agreement when it imposed the fine and default jail time, provisions which were not part of the plea agreement. [rec. doc. 6, pp. 11-17]

6. On March 11, 2008, the trial court denied relief noting, "Since his guilty plea on June 15, 2004, and sentencing on June 28, 2004, petitioner has filed various post-conviction pleadings and motions, including a motion to correct an illegal sentence which was denied. The present pleading is also denied because it is repetitive and not timely under the provisions of C.Cr.P. art. 930.8." [rec. doc. 6, p. 10]

7. On June 2, 2008 petitioner filed a "Petition for Habeas Corpus and/or Motion to Correct Excessive, Additional Illegal Sentence" in the Second Circuit Court of Appeals. [rec. doc. 6, pp. 19-32]

8. That matter was apparently assigned the Second Circuit's Docket Number 41963-KH and denied on some unspecified date for unspecified reasons.

9. Thereafter, petitioner applied for writs to the Louisiana Supreme Court and on September 19, 2008 writs were denied. *State of Louisiana ex rel. Calvin L. Redd v. State of Louisiana*, 2007-2395 (La. 9/19/2008), 992 So.2d 946.

*Claims for Relief*

In his original non-conforming petition, petitioner argued a claim of ineffective assistance of counsel based on his claim that counsel allowed the sentencing judge to add additional penalties to the previously agreed upon sentence. He also argued that the Second Circuit Court of Appeals erred when it failed to invalidate the entire plea agreement based on the trial judge's error. Finally, he argued that the trial court erred when it amended his sentence in petitioner's absence. [rec. doc. 1]

In his amended petition he claimed that he was sentenced in violation of the plea agreement and that his attorney was ineffective when he allowed the judge to hand down the additional sentence; he also claimed that the Second Circuit Court of Appeals erred when it failed to invalidate the entire sentence and when it failed to order that petitioner be present, with counsel, at the re-sentencing. Finally, he claimed that the Louisiana Supreme Court erred when it failed to acknowledge the errors of the District Court and the Court of Appeals. [rec. doc. 6]

**Law and Analysis**

Before addressing the merits of a *habeas* claim, a preliminary review of the pleadings and exhibits is conducted in order to determine whether the petitioner has exhausted all available state remedies prior to filing his petition in federal court;[2] whether the petition is time-barred by

---

[2] *Habeas* petitioners cannot collaterally attack state court convictions in federal court until all available state court remedies have been exhausted. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997). See also, 28 U.S.C. § 2254(b)(1)(A) and (B) – "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant."

the provisions of 28 U.S.C. § 2244(d)(1);[3] and/or whether any of the claims raised are subject to the procedural default doctrine.[4] As noted in the previous orders, petitioner's pleadings and exhibits suggest, but do not conclusively establish, that his claims are time-barred, or, possibly subject to dismissal as procedurally defaulted.

Further, it has been noted that even if petitioner can surmount the procedural obstacles mentioned above, it is not at all clear that he would be entitled to relief. To the extent that he claims that his trial counsel was ineffective when he allowed the trial court to impose fine and costs at sentencing, that claim would appear to be without merit. In order to establish ineffective assistance of counsel, petitioner would have to show that counsel's performance resulted in some prejudice. See *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Based on the pleadings and exhibits thus far tendered, it appears that the portion of the sentence which violated the plea agreement was ultimately deleted by the District Court on remand from the Court of Appeals; therefore, it does not appear that petitioner could establish prejudice as

---

[3] "A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..."

\* \* \*

The time during which a properly filed application for State post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation under this subsection."

[4] The procedural default doctrine bars federal *habeas corpus* review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow or has been defaulted by a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991). "[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750-51. This doctrine ensures that federal courts give proper respect to state procedural rules. *Id.* Furthermore, the doctrine presumes that a state court's express reliance on a procedural bar functions as an independent and adequate ground in support of the judgment. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1996).

mandated by *Strickland*. To the extent that he claims that his rights were violated when the District Court deleted the offending portion of his sentence in his absence, it is unclear, again, how petitioner claims that he was prejudiced. He has nowhere asserted or established that the sentence he is presently serving violates the original plea agreement.[5]

Petitioner has been provided the opportunity to clarify these concerns and claims to be unable to do so.

Therefore, in order to determine an appropriate course of action,

**The Clerk of Court is hereby directed to mail a copy of this Order to the Respondent through the District Attorney for the Third Judicial District;**

**RESPONDENT IS REQUESTED TO PROVIDE CERTIFIED COPIES OF THE FOLLOWING DOCUMENTS TO THE PETITIONER AND TO THE CLERK OF COURT WITHIN 40 (FORTY) DAYS OF THIS REQUEST:**

1. A copy of the plea agreement along with a copy of the transcript of the plea colloquy and sentencing;

2. Copies of **ALL** post-conviction or post-sentencing motions or pleadings filed by or on behalf of petitioner in the Third Judicial District Court, the Second Circuit Court of Appeals, or the Louisiana Supreme Court;

3. Copies of ALL judgments from the Third Judicial District Court and the Second Circuit Court of Appeals relative to post-conviction or post-sentencing motions; and,

4. Copies of all relevant minute entries of the Third Judicial District Court.

---

[5] Petitioner implies that since the original sentence violated the plea agreement, he was and is entitled to recision of the entire agreement. That is not necessarily the case. Specific performance of the original agreement was and is an appropriate remedy. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495 (1971).

**ALL DOCUMENTS SHOULD BE FILED WITH THE CLERK OF COURT AND COPIES SHOULD BE PROVIDED TO THE PETITIONER.**

**RESPONDENT HAS NOT YET BEEN DIRECTED TO ANSWER THE PETITION. THIS REQUEST FOR DOCUMENTS HAS BEEN MADE IN ORDER TO DETERMINE WHETHER THIS MATTER SHOULD SURVIVE AN INITIAL REVIEW AS DESCRIBED ABOVE. TO THE EXTENT THAT RESPONDENT IS UNWILLING OR UNABLE TO COMPLY WITH THIS REQUEST OR ANY PORTION THEREOF, RESPONDENT SHOULD NOTIFY THE UNDERSIGNED IN WRITING AS SOON AS POSSIBLE.**

In Chambers, Monroe, Louisiana, March 4, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE