# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| CALVIN L. REDD<br>  LDOC #317023<br>VS. | CIVIL ACTION NO. 08-1513<br><br>SECTION P |
| WARDEN, WINN CORRECTIONS CENTER | JUDGE WALTER<br>MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Calvin L. Redd, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on October 9, 2008. Petitioner is incarcerated at the Winn Corrections Center, Winnfield, Louisiana. Petitioner attacks his June 15, 2004, conviction for carnal knowledge of a juvenile and the 10-year sentence imposed by Louisiana's Third Judicial District Court, Lincoln Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** (1) as time-barred by the provisions of the AEDPA codified at 28 U.S.C. §2244(d) and, (2) pursuant to the provisions of Rule 4 of the Rules Governing Section 2254 Cases in the District Courts, since the pleadings and exhibits clearly establish that the petitioner is not entitled to relief.

## *Statement of the Case*

Petitioner filed a hand-written pleading that did not comply with LR 3.2W in that it was not submitted on the form required for *pro se* prisoner pleadings filed in this District. Petitioner

argued that the sentence imposed by the Third Judicial District Court on June 15, 2004, violated the terms of a plea agreement when, in addition to the 10 year sentence agreed upon, the trial judge imposed a fine and costs. He argued that his trial counsel rendered ineffective assistance by allowing the trial judge to impose a sentence beyond the terms of the plea agreement. He conceded that the Second Circuit Court of Appeals vacated this sentence and ordered re-sentencing in compliance with the original plea agreement, but he claimed that the District Court erred when it then amended the sentence to delete the fine and costs in petitioner's absence. [see rec. doc. 1]

Petitioner was supplied a copy of the appropriate form and was directed to amend his petition and to provide additional exhibits. [rec. docs. 2 and 5] On December 29, 2008, petitioner filed an amended petition on the appropriate form and included some, but not all of the exhibits requested. [rec. doc. 6]. Again, he alleged as grounds for relief: (1) the sentence exceeded the plea agreement; (2) counsel allowed the judge to impose the sentence; and, (3) Court of Appeals and Louisiana Supreme Court did not recognize the error and rescind the plea. [rec. doc. 6, ¶5] He provided copies of *pro se* pleadings filed in the District Court and the Court of Appeals in which he argued again that his 10 year sentence is illegal "... because the trial court sentenced him to additional punishment that was not part of the guilty plea..." [rec. doc. 6, p. 25] He argued that the imposition of fine and costs and jail time in default of payment of fine and costs was not part of the agreed upon sentence and thus his current sentence is illegal. [*Id.*] Petitioner also provided a letter to the Court in which he claimed that the Second Circuit Court of Appeals "confiscated" his plea and sentencing transcript and violated his constitutional rights by amending the sentence without ordering the Third Judicial District Court to convene a hearing.

[rec. doc. 6, pp. 33-34]

On January 22, 2009, the undersigned again directed petitioner to amend his petition to provide certain specific documents, to provide argument in support of his claim that he is in custody in violation of the Constitution and laws of the United States, and to demonstrate how he was prejudiced by the acts of his attorney, the trial court, the Court of Appeal, and the Supreme Court. [rec. doc. 7]

On February 10, 2009, petitioner responded by providing additional exhibits [rec. doc. 8] Petitioner alleged that he was unable to provide any of the documents requested; however, he did not provide the detailed chronology as requested. He did provide documents and exhibits which appear to be copies of hand-written *pro se* pleadings filed in a series of civil lawsuits filed in the Third Judicial District Court or the Second Circuit Court of Appeals. [rec. doc. 8[1]]

---

[1] These documents include: (1) "Interrogatories and Request for Production of Documents Propounded to Plaintiff Calvin Lee Redd..." [rec. doc. 8, pp. 2-11]; (2) "Petition for Damages" in which he asserts a claim for damages against Third Judicial District Court Judge Cynthia Woodard, Lincoln Parish, and the City of Ruston based on the breached plea agreement and re-sentencing complained of herein. [*Id*., pp. 12-21] (3) "Answer, Peremptory Exception of Prescription, Memorandum in Support of Peremptory Exception of Prescription, Peremptory Exception of No Cause of Action; Memorandum in Support of Peremptory Exception of No Cause of Action and Amend Original Petition." These pleadings were received and filed by the Third Judicial District Court Clerk on May 3, 2007. Therein petitioner asserted that neither he nor his attorney were present in court on July 19, 2005 when Judge Woodard amended his sentence; he also claimed that he was unaware of the amendment of sentence until March 2, 2007. [*Id*., pp. 22-27] The pleading was denied by a District Court Judge on October 25, 2007; the judge noted, "objection to criminal proceeding must be filed in that record..." [*Id*., p. 26] (4) Order "Habeas Corpus Ad Testificandum" which was denied on October 25, 2007 for the reasons assigned in the previous order [*Id*., pp. 28-30]; (5) "Amend Original Petition" dated April 25, 2007 which seeks habeas relief based on the allegedly illegal re-sentencing complained of in the earlier pleading [*Id*., pp. 31-35]; (6) a Peremptory Exception of Prescription filed by the Lincoln Parish Police Jury [*Id*., pp. 36-41]; (7) petitioner's "Objection to Defendants Motion to Recognize and Enforce Automatic Stay Pursuant to La. R.S. 15:1186" [*Id*., pp. 42-46]; (8) Order denying application for writ of habeas corpus ad testificandum dated October 25, 2007 in which the trial judge noted, "Suit has been dismissed to all defendants..." [*Id*., pp. 47-48]; (9) Another copy of the "Petition for Damages"[*Id*., pp. 49-61]; (10) "Objection to Premptory (sic) Exception of Prescription" [*Id*., pp. 62-70]; (11) Motion for Leave to Proceed in forma pauperis filed in the Third Judicial District Court [*Id*., pp. 71-73]; (12) the "Petition for Damages" naming attorney Lewis A. Jones, Lincoln Parish and the City of Ruston as defendants, and showing a receipt and file mark of January 22, 2007, along with Interrogatories and Request for Production [*Id*., pp. 74-92]; (13) a pro se petition for writ of habeas corpus/motion to correct illegal sentence which appears to have been directed to the Second Circuit Court of Appeals; in this pleading petitioner complained again of the breach of the plea agreement; petitioner also alleged that when the breach was presented to the Second Circuit, that court "... fail to ... vacate the entire sentence..." ; he also

On the same date petitioner filed a pleading entitled "Motion for Writ of Mandamus and/or Motion to Correct Illegal Sentence." In that pleading petitioner asserted that the sentence he is currently serving is illegal and excessive. [rec. doc. 9] In a pleading associated with the Motion petitioner alleged that he is unable to produce the documents requested because various courts "possess" them and refuse to return them to the petitioner. In an apparent response to the previous memorandum order [rec. doc. 7] which directed him to "... provide additional arguments on his claims for relief to establish that he is in custody in violation of the Constitution and laws of the United States ... [and to] specifically show how he was prejudiced by the acts of his attorney, the trial court, and the courts of appeal..." petitioner alleged, that it was "obvious" that his Constitutional rights were violated and that he suffered prejudice as follows (1) because courts will not release documents to him to allow him to litigate his case; (2) his constitutional rights were violated when neither he nor his attorney were present for the July 15, 2005, re-sentencing; and, (3) his attorney neglected to object to the imposition of the original unlawful sentence. [rec. doc. 9-2, p. 3] Petitioner prayed that the court grant his motion and release him immediately or reduce the sentence by 3 years. [*Id.*]

### *Chronology of Events and Relevant Pleadings*

Petitioner claimed that he was unable to provide the information and/or documents that were requested. Therefore, while the matter was still under initial review, and prior to service of process, the undersigned requested that the respondent provide the documents and court records

---

complained that the sentence was excessive [*Id*., pp. 93-100]; (14) another Petition for Damages and associated pleadings naming Judge Woodard et al, as defendants and requesting that Judge Woodard be recused [*Id*., pp. 101-117]; and, (15) Notice of Intent to seek Appeal on Judgment on Peremptory Exception of Prescription [*Id*., pp. 118-121]

the petitioner was unable to provide. [rec. doc. 10] On June 10, 2009 the respondent submitted certified copies of various pleadings and transcripts. [rec. doc. 14[2]] These records, along with the petitioner's pleadings and exhibits establish the following relevant chronology:

1. Sometime prior to March 9, 2004, petitioner was charged with forcible rape. [rec. doc. 1, p. 9 - 1 – Court Minutes, Third Judicial District Court; see also rec. doc. 14-2, Vol. I, docs. 8 and 21]

2. On June 15, 2004, petitioner entered a guilty plea to an amended bill of information charging carnal knowledge of a juvenile. [rec. doc. 1, p. 10 – Court Minutes, Third Judicial District Court; see also rec. doc. 14-2, Vol. I, docs. 8 and 21]

The transcript of the plea colloquy establishes that petitioner's attorney advised the court, "Your Honor, at this time he [petitioner] desires to enter a plea of guilty to that charge [carnal knowledge of a juvenile]. He understands he'll receive a sentence of ten years at hard labor." [rec. doc. 14-2, Vol. II, doc. 1 (Plea Transcript at p. 1)

Prior to accepting the plea, the trial court advised petitioner, "Whoever commits the crime of felony carnal knowledge of a juvenile shall be fined not more than $5,000.00 or imprisoned with or without hard labor for not more than ten years or both..." Petitioner advised that he understood the penalty provision. [*Id.*, pp. 3 and 5]

Petitioner was advised of his Constitutional rights – to court appointed counsel, to trial by judge or jury, to confront and cross-examine the witnesses and those who accused him of crime,

---

[2] Respondent did not provide an index and the various documents were not identified. The undersigned has therefore divided the documents into three volumes – Vol. I, consisting of records from the Third Judicial District Court; Vol. II, consisting of records from the Second Circuit Court of Appeals; and Vol. III, consisting of records from the Louisiana Supreme Court. Related documents within each Volume have been assigned document numbers and the volume and document numbers have been inserted in pencil on the various documents.

of compulsory process, and of the privilege against self-incrimination – and indicated his willingness to waive those rights and plead guilty. [*Id*., pp. 3-6]

Petitioner also admitted that the plea agreement (which reduced the charge and provided for a 10-year sentence) was the only promise or inducement made, and that he decision to plead guilty was freely and voluntarily made.

Finally, petitioner admitted to being over the age of 19 and of having sexual intercourse with a girl over the age of 12 but under the age of 17 thus providing a factual basis for the plea. [*Id*. p. 7]

3. On June 28, 2004, petitioner was sentenced to serve 10 years at hard labor and to pay a fine of $750 and costs of court, or in default, to serve an additional 6 months in the parish jail. Prior to the imposition of sentence, the Court remarked that petitioner had indicated a desire to withdraw his guilty plea; however, when questioned further by the Court, petitioner asked the court to "Disregard that letter." That fact was confirmed by his attorney who indicated that petitioner's decision was based on relevant DNA evidence that had been tendered to him for review. [rec. doc. 1. – Court Minutes, Third Judicial District Court; See also sentencing transcript at rec. doc. 14-2, Vol. II, doc. 1, Sentencing at pp. 1-3]

4. On October 15, 2004, petitioner filed a pro se motion to amend or modify sentence in the Third Judicial District Court. Therein he alleged that he was sentenced to serve 10 years and ordered to pay a fine and court costs or in default to serve 6 months in the parish jail, "... [i]n conformity with a plea agreement..." This motion was denied without comment on October 22, 2004. [rec. doc. 14-2, doc. 3]

5. On December 16, 2004, petitioner moved for and was granted a free copy of the plea

and sentencing transcripts. These transcripts were mailed to petitioner in late December but apparently were returned because petitioner had been transferred to another prison. [rec. doc. 14-2, doc. 3]

6. On April 21, 2005, petitioner filed a pro se application for post-conviction relief in the Third Judicial District Court. Therein he argued that the sentence, insofar as it imposed a fine and jail time in default, had not been part of the original plea and sentence agreement. [rec. doc. 14-2, Vol. I, doc. 4]

7. On May 20, 2005, the trial judge denied relief noting, "Petitioner fails to produce evidence, nor is there any in the record, that shows he was misinformed. The sentencing was harmonious with the guilty plea which laid out the statutory sentencing range. [citation omitted] Moreover sentencing was three days after the guilty plea and petitioner failed to raise this issue on either occasion." Petitioner notified the court of his intention to seek writs in the Second Circuit and a return date was set. [rec. doc. 14-2, Vol. I, doc. 6]

8. On July 5, 2005, petitioner filed his writ in the Second Circuit Court of Appeals. The writ application was assigned Docket Number 40426-KH, On July 14, 2005, the Second Circuit granted writs and remanded with instructions noting, "The trial court erred in imposing a fine and attendant jail time when the plea agreement set forth in the record at the time of the plea contained a single condition, a guilty plea resulting in a 10-year hard labor sentence, and no more. We grant the writ, and direct the trial court to grant specific performance of the plea agreement by deleting the fine and default jail time from the sentence imposed. Thus having complied with the plea agreement set forth on the record, the plea is not involuntary and further relief is not warranted." *State of Louisiana v. Calvin Lee Redd*, No. 40426-KH at rec. doc. 14-2,

7

Vol. II, doc. 1.

On July 19, 2005, the Third Judicial District Court amended the sentence to delete the fine/cost provisions as previously directed by the Second Circuit Court of Appeals. [rec. doc. 14-2, Vol. I, doc. 8

9. On July 27, 2005, petitioner applied for rehearing in the Second Circuit Court of Appeals. [rec. doc. 14-2, Vol. II, doc. 2] On August 15, 2005, the Court denied rehearing. [rec. doc. 14-2, Vol. II, doc. 3]

10. On November 18, 2005, petitioner filed a pro se Motion to Amend or Modification of Sentence in the Third Judicial District Court in which he alleged that the trial court failed "... to acknowledge and sentence petitioner under Act 178 which provides certain alternatives relative to his charge..." This motion was denied without comment on November 30, 2005. [rec. doc. 14-2, Vol. I, docs. 7-9]

11. On February 17, 2006, petitioner filed a pro se Motion to Correct Illegal Sentence in the Third Judicial District Court alleging a claim identical to the claim raised in the November 18, 2005, pleading. [rec. doc. 14-2, Vol. I, doc. 10] On August 18, 2006, petitioner filed another pro se Motion to Amend, Reduce, and Modify Sentence raising for the first time a claim of ineffective assistance of counsel. This pleading was denied as repetitive and for not being in the proper form on August 28, 2006. [rec. doc. 14-2, Vol. I, doc. 11]

12. On October 20, 2006, petitioner filed a pro se writ application entitled "Motion to Amend, Reduce and Modify Sentence" in the Second Circuit Court of Appeals. Petitioner again argued ineffective assistance of counsel (misleading petitioner that he would only be required to serve half of the ten year sentence; intimidation of the petitioner by the District Attorney and his

8

trial counsel; and ineffective assistance of counsel when he allowed the trial judge to impose additional fine and costs in violation of the plea agreement. [rec. doc. 14-2, Vol. II, doc. 5] This pleading was assigned Docket Number 41963-KH by the Second Circuit Court of Appeals and on November 9, 2006, the pleading was transferred to the Third Judicial District Court with orders to rule upon the matter within 30 days. *State of Louisiana v. Calvin Lee Redd*, No. 41963-KH at rec. doc. 14-2, Vol. II, doc. 4.] On February 13, 2007 petitioner's writ application was denied by the Second Circuit because the records of the Third Judicial District Court revealed that petitioner's February 17, 2006, motion had been denied by the trial judge on February 22, 2006. See *State of Louisiana v. Calvin Lee Redd*, No. 41963-KH at rec. doc. 14-2, Vol. II, doc. 6.

13. In February 2007 petitioner filed a pro se civil suit for damages in the Third Judicial District Court. This suit named Judge Woodard, the City of Ruston, and Lincoln Parish as defendants and sought money damages based on the events leading up to petitioner's conviction and sentencing. [rec. doc. 14-2, Vol. I, doc. 12]

14. On April 2, 2007, petitioner filed a pro se Petition for Writ of Habeas Corpus Illegal and Unlawful, Invalid Conviction and Sentence in the Third Judicial District Court which alleged that the conviction was invalid because petitioner was denied a preliminary hearing. This pleading was denied on October 25, 2007. [rec. doc. 14-2, Vol. I, doc. 17]

15. On June 14, 2007, petitioner filed another pro se Motion to Reconsider Sentencing to a Lesser Sentence Due to a Broken Plea. [rec. doc. 14-2, Vol. I, doc. 13] On October 14, 2007, he filed the same pleading. On October 23, 2007, the pleading was denied as repetitive. [rec. doc. 14-2, Vol. I, doc. 15]

16. On October 29, 2007, the Clerk of Court for Lincoln Parish sent copies of the

following judgments to petitioner: (1) Order of Dismissal Subsequent to Judicial Screening in Civil Case No. 51,822, *Calvin Lee Redd v. Lincoln Parish, et al.*; (2) Order denying in forma pauper status in the matter entitled *Calvin Lee Redd v. Nathalynn Redd* (pro se petition for divorce); and (3) Order denying Petition for Habeas Corpus and Illegal and Unlawful, Invalid Conviction and Sentence. [rec. doc. 14-2, Vol. I, docs. 16, 17, 18 (see also docs. 19, 20, and 21, which were denials of applications for pauper status filed subsequent to October 2007)]

17. On December 12, 2007, petitioner filed a pro se pleading in the Louisiana Supreme Court. The pleading, which was signed on October 1, 2007, raised claims of ineffective assistance of counsel and breached plea agreement and sought review of the Second Circuit's judgment under Docket Number41963-KH. [rec. doc. 14-2, Vol. III]

18. On February 28, 2008, petitioner filed a "Petition for Writ of Habeas Corpus and/or Motion to Correct an Illegal Sentence" in the Third Judicial District Court. In this pleading, petitioner complained that the trial judge imposed an illegal and excessive sentence and did not comply with the plea agreement when it imposed the fine and default jail time, provisions which were not part of the plea agreement. [rec. doc. 6, pp. 11-17; rec. doc. 14-2, Vol. I, doc. 24]

On March 11, 2008, the trial court denied relief noting, "Since his guilty plea on June 15, 2004, and sentencing on June 28, 2004, petitioner has filed various post-conviction pleadings and motions, including a motion to correct an illegal sentence which was denied. The present pleading is also denied because it is repetitive and not timely under the provisions of C.Cr.P. art. 930.8." [rec. doc. 6, p. 10]

19. On June 2, 2008, petitioner claims to have filed a "Petition for Habeas Corpus and/or Motion to Correct Excessive, Additional Illegal Sentence" in the Second Circuit Court of

Appeals. [rec. doc. 6, pp. 19-32] However, the record of the Second Circuit Court of Appeals supplied by the respondent [rec. doc. 14-2, Vol. II] does not contain a copy of the pleading in question, and this document is virtually identical to the pleading filed in the Third Judicial District Court on February 28, 2008. [see rec. doc. 14-2, Vol. I, doc. 24]

20. On September 19, 2008, the Supreme Court denied writs in the matter docketed under No. 2007-KH-2395. [rec. doc. 14-2, Vol. III; see also *State of Louisiana ex rel. Calvin L. Redd v. State of Louisiana*, 2007-2395 (La. 9/19/2008), 992 So.2d 946].

## *Claims for Relief*

In his original non-conforming petition, mailed on October 8, 2008, petitioner argued a claim of ineffective assistance of counsel based on his claim that counsel allowed the sentencing judge to add additional penalties to the previously agreed upon sentence. He also argued that the Second Circuit Court of Appeals erred when it failed to invalidate the entire plea agreement based on the trial judge's error. Finally, he argued that the trial court erred when it amended his sentence in petitioner's absence. [rec. doc. 1]

In his amended petition he claimed that he was sentenced in violation of the plea agreement and that his attorney was ineffective when he allowed the judge to hand down the additional sentence; he also claimed that the Second Circuit Court of Appeals erred when it failed to invalidate the entire sentence and when it failed to order that petitioner be present, with counsel, at the re-sentencing. Finally, he claimed that the Louisiana Supreme Court erred when it failed to acknowledge the errors of the District Court and the Court of Appeals. [rec. doc. 6]

*Law and Analysis*

*1. Limitations – 28 U.S.C. §2244(d)*

Title 28 U.S.C. §2244(d)(1)(A) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner was sentenced on June 28, 2004. [Chronology, ¶3] Under Louisiana law he had

---

[3] Nothing in the record before the court suggests that any State created impediments prevented the filing of this petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

a period of 30-days within which to file a motion for appeal.[4] Petitioner's judgment of conviction and sentence therefore became final under the provisions of 28 U.S.C. §2244(d)(1)(A) "... by... the expiration of the time for seeking [direct review] ..." on or about July 28, 2004, when the thirty day period lapsed and no appeal was filed. Under the clear terms of the AEDPA, petitioner had a period of one year from that date, or until July 28, 2005, to file his federal *habeas corpus* petition.

Petitioner was able to toll the limitations period pursuant to §2244(d)(2) for the period of October 15, 2004 – October 22, 2004 while his motion to modify or amend sentence was pending in the Third Judicial District Court. [Chronology, ¶4] However a period of 78 days of the limitations period elapsed before the filing of that post-conviction pleading. Thereafter, a period of 180 days elapsed between October 22, 2004, the date his first motion was denied, and April 21, 2005, the date petitioner filed his first application for post-conviction relief in the Third Judicial District Court. [Chronology, ¶6][5] Petitioner was able to toll the limitations period again during the pendency of the application for post-conviction relief in the Third Judicial District Court and the Second Circuit Court of Appeals until August 15, 2005, the date the Second Circuit Court of Appeals denied his application for rehearing. [Chronology, ¶¶7-9] However, a period of 94 days then elapsed between August 15, 2005, the date of the Second Circuit's

---

[4] See La. C.Cr.P. art. 914(B)(1) which provides, "The motion for appeal must be made no later than ... [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken..."

[5] Petitioner's December 2004 motion for a copy of the plea and sentencing transcripts cannot be considered a "properly filed application[] for State post-conviction or other collateral review ..." as defined by § 2244(d)(2) so as to toll the limitations period established by § 2244(d)(1). See *Boyd v. Ward*, 2001 WL 533221, *4 (E.D.La.2001); Brisbon v. Cain, 2000 Wl 45872, *2 (E . D.La.2000); *Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir.2002) citing *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir.1997) (motion for appointment of counsel does not toll the one-year limitation period); See also *Myers v. Cain*, 2001 WL 1218763, *4 (E.D.La., 2001).

judgment denying rehearing, and November 18, 2005, the date petitioner filed his Motion to Amend in the Third Judicial District Court. That motion remained pending until November 30, 2005, when it was denied without comment by the Third Judicial District Court. [Chronology, ¶¶9-10] Thereafter, another 78 days elapsed between that date and February 17, 2006, the date petitioner filed his Motion to Correct an Illegal Sentence. [Chronology, ¶11] As shown above, that matter remained pending until February 22, 2006, when it was denied by the District Court. [Chronology, ¶12] Thereafter, another 176 days elapsed between February 22, 2006, and August 18, 2006, the date petitioner filed another Motion to Amend. [Chronology, ¶11]

That pleading remained pending until August 28, 2006, when it was denied by the District Court. Then, another 52 days elapsed between that date and the date petitioner filed his October 20, 2006, Motion to Amend in the Second Circuit Court of Appeals. That matter remained pending in either the Second Circuit or the Third Judicial District Court until February 13, 2007, the date the Second Circuit denied writs. [Chronology, ¶12] Thereafter, a period of 47 days elapsed between the date the Second Circuit denied writs and April 2, 2007, the date that petitioner filed a petition for habeas corpus in the Third Judicial District Court. [Chronology, ¶14][6] That habeas action remained pending in the District Court until October 25, 2007, when it was denied. [Chronology, ¶¶14 and 16]

Meanwhile, on October 1, 2007, petitioner signed his pro se writ application which was ultimately received and filed in the Louisiana Supreme Court on December 12, 2007. [Chronology, ¶17] That pleading, which apparently sought review of the Second Circuit's

---

[6] Petitioner's civil rights suit seeking damages from Judge Woodard, the City of Ruston, and Lincoln Parish could not serve to toll limitations since this action was not a state post-conviction or other collateral attack.

14

judgment under Docket Number 41963-KH, was clearly untimely since it was filed more than 30 days after that or any other judgment of the Second Circuit Court of Appeals.[7] [see rec. doc. 14-2, Vol. II[8]] Nevertheless, and giving the petitioner the benefit of every doubt, for the purposes of this Report, it will be assumed that the proceeding in the Supreme Court was sufficient to toll limitations until September 19, 2008, when the Court denied writs without comment. *State of Louisiana ex rel. Calvin L. Redd v. State of Louisiana*, 2007-2395 (La. 9/19/2008), 992 So.2d 946. [Chronology, ¶20] However, a period of 18 days elapsed between that date and October 8, 2008, the date petitioner mailed his federal habeas petition. [rec. doc. 1, p. 13]

Thus, affording petitioner the benefit of every doubt, and relying upon the pleadings submitted by both the petitioner and the respondent, it appears that a period of 723 un-tolled days elapsed between the date that petitioner's judgment of conviction and sentence became final under the AEDPA and the date he filed his federal petition for *habeas corpus*. His claim is clearly time-barred and dismissal on that basis is appropriate.

## 2. Equitable Tolling

The one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713

---

[7] Louisiana Supreme Court Rule X, §5(a) provides for a 30-day period of limitation for seeking review of the judgment of a Court of Appeal. The limitation period is reckoned from the date the Court of Appeals mails Notice of Judgment and admits of no exceptions.

[8] The Second Circuit Judgments are as follows:
1. No. 40426-KH – writ granted, remanded to District Court to amend sentence – July 14, 2005;
2. No. 40426-KH – rehearing denied – August 15, 2005;
3. No. 41963-KH – writ granted, pleading transferred to District Court for ruling – November 9, 2006;
4. No. 41963-KH – writ denied, moot – February 13, 2007. [See rec. doc. 14-2, Vol. II, Second Circuit Court of Appeals' Record]

(5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights. Further, equitable tolling is seldom available to litigants who sit on their rights. *Pace v. DiGuglielmo*, 544 U.S. 408, 419, 125 S.Ct. 1807, 1815 (2005). As shown above, petitioner allowed almost two years to elapse between the date his judgment became final and the date he filed the instant petition.

### 3. Rule 4

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides for prompt review and examination of habeas petitions by the court and further states,

"If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), the Advisory Committee Notes following Rule 4 state, "...under § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

Petitioner's petition for *habeas corpus* is patently and manifestly frivolous. To the extent that he claims that his trial counsel was ineffective when he allowed the trial court to impose fine and costs at sentencing, that claim is clearly without merit. In order to establish ineffective assistance of counsel, petitioner must show that counsel's deficient performance resulted in some prejudice. See *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The portion of the sentence which violated the plea agreement was ultimately deleted by the District Court on remand from the Court of Appeals. Petitioner did not have to pay the fine or serve jail time in default. Therefore, petitioner has not, nor can he establish prejudice as mandated by *Strickland*.

To the extent that he claims that his rights were violated when the District Court deleted the offending portion of his sentence in his absence, petitioner has not shown how this fact causes him to be in custody in violation of the Constitution and laws of the United States. Compare *Schiro v. Clark*, 754 F.Supp. 646, 651 (N.D. Ind. 1990) affirmed 963 F.2d 962, rehearing denied, *certiorari granted* 113 S.Ct. 2330, 508 U.S. 905, 124 L.Ed.2d 243, affirmed 114 S.Ct. 783, 510 U.S. 222, 127 L.Ed.2d 47, rehearing denied 114 S.Ct. 1341, 510 U.S. 1215, 127 L.Ed.2d 688 ("Even more far-fetched is the argument that somehow this petitioner had the

right to be present when the Brown Circuit Court entered its written findings on that remand. He had no more right to be present then than he had a right to be present when the justices of the Supreme Court conferred on his case."); see also *State v. Harris*, 665 So.2d 1164 (La. 1996) (In Louisiana, District Judges may make ministerial changes in sentences in the minutes of court without requiring the presence of the defendant in court.); *State v. Champagne*, 506 So.2d 1377, 1379 (La. App. 3 Cir. 1987)("... we conclude that where an illegal sentence is corrected ... so as to conform to a previous plea bargain agreement, defendant's presence is not required...")

      Finally, to the extent that petitioner maintains that he is entitled to recision of the plea rather than specific performance of the plea agreement, his claim is clearly without merit. The Supreme Court in *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495 (1971) held "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it may be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello*, 404 U.S. at 262, 92 S.Ct. at 499. The remedy for breach of a plea agreement is either ordering specific performance of the agreement or allowing the petitioner the opportunity to withdraw his plea, depending on what the circumstances require. *Santobello*, 404 U.S. at 263, 92 S.Ct. at 499. This decision is ordinarily left "... to the discretion of the state court, which is in a better position to decide whether the circumstances ... require only that there be specific performance of the agreement on the plea ... or whether, in the view of the state court, the circumstances require granting the relief sought by the petitioner, i.e., the opportunity to withdraw his plea..." *Santobello*, 404 U.S. at. 263. Here, the breach of the plea agreement was not so serious as to undermine confidence in the voluntariness of the plea. As shown in the transcripts of the plea and sentencing, the plea was a knowing and voluntary plea and, when given the opportunity to

withdraw from the agreement at sentencing, the petitioner declined. [Chronology, ¶¶1 and 2] Based on the record, it is clear that the Louisiana Courts did not abuse their discretion in reforming the sentence to comply with the plea agreement. Petitioner's contention to the contrary is without merit.

*4. Conclusion and Recommendation*

*Therefore,*

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and he is not eligible for the benefits of either statutory or equitable tolling; and,

**IT IS FURTHER RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** pursuant to the provisions of Rule 4 since it plainly appears from the face of the petition and exhibits that the petitioner is not entitled to relief .

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

**conclusions accepted by the District Court, except upon grounds of plain error.** *See,*

*Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, July 16th, 2009.

                                          KAREN L. HAYES
                                          U. S. MAGISTRATE JUDGE